
FILED
JUN 03 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DOMINIC BARRERA, | * | CIV 11-3014 |
| Petitioner, | * | |
| -vs- | * | OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING CERTIFICATE OF APPEALABILITY |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted of assault with a dangerous weapon and assault resulting in serious bodily injury. He was sentenced on November 16, 2009, to 48 months imprisonment. Petitioner appealed, arguing prosecutorial misconduct. The United States Court of Appeals for the Eighth Circuit affirmed on January 10, 2011. United States v. Barrera, 628 F.3d 1004 (8th Cir. 2011). Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, contending his trial counsel was ineffective in advising him to go to trial instead of accepting a plea agreement offered by the government. The government has filed an answer.

The standards for evaluating ineffective assistance of counsel claims are well settled.

> We evaluate claims of ineffective assistance of counsel under the familiar standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a § 2255 movant must establish (1) that counsel's representation was deficient and (2) that he suffered prejudice as a result. *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Id.* (quotation omitted). Prejudice requires the movant to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Bass v. United States, 655 F.3d 758, 760 (8th Cir. 2011). The United States Supreme Court has reminded us that "[s]urmounting Strickland's high bar is never an easy task." Premo v. Moore,

131 S.Ct. 733, 739 (2011). "[T]he Strickland standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." Premo v. Moore, 131 S.Ct. at 740 (*quoting* Strickland, 466 U.S. at 689-90).

The law is clear in the Eighth Circuit that:
> When a § 2255 movant's claim is that trial counsel misadvised the movant of the relative advantages of pleading guilty rather than proceeding to trial, in order to satisfy the prejudice prong of the Strickland test, the movant "must show that, but for his counsel's advice, he would have accepted the plea." *Sanders* [*v. Sanders v. United States*], 341 F.3d [720] at 722 [8th Cir. 2003] (*quoting Engelen v. United States*, 68 F.3d 238, 241 (8th Cir.1995)).

United States v. One Star. 575 F.Supp.2d 1104, 1116 (8th Cir. 2008). "A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." Sanders v. United States, 341 F.3d at 723.

Petitioner was charged with assaulting Earnest Apadaca with shod feet, assaulting Apadaca resulting in serious bodily injury, assaulting Warren LaPointe with shod feet, and assaulting LaPoine resulting in serious bodily injury. Petitioner testified at trial that he did hit both Apadaca and LaPointe but that he did so in self defense. He denied having kicked either victim. The jury convicted him of the assault charge and the serious bodily injury charge as to Apadaca. He was acquitted of the assaults upon LaPointe. At the sentencing hearing, petitioner again stated that he was defending himself. He did admit at that time that it appeared that he went "too far" in defending himself.

Petitioner cannot satisfy the prejudice prong of the Strickland test. He maintained his innocence at all stages of the criminal prosecution and there is no indication in the record that he would have been willing to plead guilty to an assault.

Petitioner contends that ineffective assistance of counsel resulted in a longer sentence. Petitioner was sentenced to concurrent terms of 48 months imprisonment. His sentences were a variance from the 63 - 78 month guideline range based upon extraordinary rehabilitation while

awaiting sentencing. That Guideline range resulted from a total offense level of 26 and a criminal history category of I. The base offense level was 14. Six levels were added for the degree of bodily injury, 4 levels were added for use of a dangerous weapon, and 2 levels were added for obstruction of justice. If petitioner had pleaded guilty to an assault upon Mr. Apadaca, the base offense level would have been the same - 14. Four levels would have been added for use of a dangerous weapon, shod feet, and six levels would have been added for the degree of injury. The adjusted offense level would have been 24. If points for acceptance of responsibility were deducted, the total offense level would have been 21. With a criminal history category of I, the guideline range would have been 37 - 46 months had petitioner pleaded guilty. The Guidelines are not and were not mandatory when petitioner was sentenced. His 48 month sentence would not have been unreasonable. Petitioner cannot show he was prejudiced by a longer sentence because of claimed ineffective assistance of counsel.

The district court is required to hold an evidentiary hearing on a § 2255 motion "unless the motion, files, and records of the case conclusively show the [petitioner] is not entitled to relief." Garcia v. United States, 697 F.3d 1013, 1014 (8th Cir. 2012). A § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because petitioner "cannot prove that he would have pleaded guilty but for his counsel's erroneous advice." Garcia v. United States, 679 F.3d at 1014. It plainly appears from the face of the motion that the defendant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

**IT IS ORDERED** that the motion to vacate, set aside, or correct sentence is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner was convicted of assault with a dangerous weapon and assault resulting in serious bodily injury and was sentenced to 48 months imprisonment. His direct appeal was denied. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that he received ineffective assistance of counsel. I summarily denied the motion to vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motions. Any application for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 31st day of May, 2013.

BY THE COURT:

ATTEST:
JOSEPH HAAS, Clerk

BY: _____
DEPUTY
(SEAL)

CHARLES B. KORNMANN
United States District Judge

4